## RUCKER'S IMPERIAL BREEDING FARM, INC., OF OTTUMWA, IOWA, v. BIRMINGHAM, Collector of Internal Revenue.
## Civil Action No. 327.

District Court, S. D. Iowa, Central Division.

Jan. 13, 1945.

Robert J. Bannister, of Stipp, Perry, Bannister, Carpenter & Ahlers, all of Des Moines, Iowa, for plaintiff.

Harold D. Cohen, Sp. Asst. to Atty. Gen., Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa, and Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, for the Government.

DEWEY, District Judge.

This suit seeks to recover and have refunded certain taxes paid the defendant for taxable periods from January 1, 1940,

through September 30, 1943, collected under the provisions of the Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev. Code, § 1400 et seq. The basis of the claims filed with the Collector is stated as follows:

"Each of the persons upon whose wages this tax was paid was performing services in connection with the hatching of poultry necessary to the business and without which it could not be carried on."

Plaintiff claims that it is engaged in the business of operating a chicken hatchery and that none of its officers or employees come within the provisions of the Act as their services constitute "agricultural labor," which is exempted from the provisions of the Act, and especially by virtue of the provisions of Section 409, Title 42 U.S.C.A. reading as follows:

"(l) The term 'agricultural labor' includes all service performed—* * *

"(3) * * * in connection with the hatching of poultry, * * *."

It is the position of the Commissioner that not everyone who is engaged in plaintiff's operations was engaged "in connection with the hatching of poultry," and the Assistant United States Attorney claims that the exception of employees performing services "in connection with the hatching of poultry" should be limited to such employees as are connected with the actual, physical processes of hatching poultry.

The contention of the plaintiff here is that the exception should not be construed thus strictly and that the provisions exempt all employees connected with the business of a commercial hatchery.

In 1939 the Congress amended the exemption which up to that time was limited to "agricultural labor." By this amendment the above provision was added that the term agricultural labor should include all services performed "in connection with the hatching of poultry."

The report of the chairman of the Ways and Means Committee of the House of Representatives (Report No. 728, 76th Cong., 1st Session) gives the reasons for changes in the exemptions referred to above and, among other things, that committee states:

Page 17. "The most important excluded groups are agricultural labor, domestic service, and certain nonprofit organizations;"

And on p. 46. "The definition applicable to service rendered on and after that date (Jan. 1, 1940) continues unchanged some of the present exemptions, revises others, and adds certain additional ones.

"Paragraph (1) continues the exception of agricultural labor, but a new subsection (1) defines the term for purposes of exclusion."

And on p. 51. "Your committee believes that greater exactness should be given to the exception and that it should be broadened to include as 'agricultural labor' certain services not at present exempt, as such services are an integral part of farming activities. In the case of many of such services, it has been found that the incidence of the taxes falls exclusively upon the farmer, a factor which, in numerous instances, has resulted in the establishment of competitive advantages on the part of large farm operators to the detriment of the smaller ones."

And on p. 52 is the following: "Under this paragraph, however, the exception will apply to * * *. Services performed in connection with any hatching of poultry * * *."

It was therefore the intention of the Congress to broaden the definition of "agricultural labor" and add to it.

The Goverment does not cite any cases to support its position and I am satisfied on the general issue that the plaintiff is right in its contention that the exception includes all employees connected with the hatching of poultry "necessary to the business and without which it could not be carried on."

At the close of all the evidence the defendant moved to dismiss the case on the ground that this court was without jurisdiction because the plaintiff had failed to comply with the requirements of Section 402.704(b) and (d) of Regulations 106 relating to the Employees' Tax and the Employers' Tax under the Federal Insurance Contributions Act, and which subsections have to do with the filing of claims for refund.

Sec. 402.704(d) provides:

"Each claim for refund * * * under this section shall be made on Form 843 in accordance with these regulations and with the instructions relating to such form, and shall designate the tax-return period in which the error was ascertained."

 The plaintiff did file its claim under Form 843, giving all the information required by said form and the instructions thereon, and has filed such a claim for refund as to each tax-return period with the statement as to the basis of its claim as above set forth.

Sec. 402.704(b) provides:

"Every claim filed by an employer for refund * * * of employees' tax collected from an employee shall include a statement that the employer has repaid the tax to the employee or has secured the written consent of such employee to allowance of the refund, credit, or abatement."

The employer, however, in this case does not ask for a refund of the employees' tax collected and expressly waived and denied that it was endeavoring to collect any such tax, so that this regulation (subsection b) does not apply.

■ The trouble seems to have arisen from the position taken by the Commissioner that the exemption applies only to employees connected with the actual, physical process of hatching poultry. If this position were correct, then it would certainly be the duty of a person filing an application for a refund to set out not only the name of each employee but also his exact duties in connection with the hatchery business so that the Commissioner might determine what his actual duties were and whether they squared up with his interpretation of the law that such employee must have been engaged in the actual, physical process of hatching poultry.

As I have above determined, this position of the Commissioner was too narrow and it was never so intended by the Congress and that, as plaintiff's position is correct, the ground of its claim for refund that each of the persons upon whose wages this tax was paid was performing services in connection with the hatching of poultry necessary to the business and without which it could not be carried on, was sufficient to afford the Commissioner an opportunity for administrative adjustment.

The Commissioner, however, standing upon his position as above indicated denied the claims filed by the plaintiff solely on the ground that they did not comply with subsections (b) and (d) of Section 402.704 of Regulations 106. As plaintiff is entitled to recover for all such services connected with the hatching of poultry which were necessary to the business and without which it could not be carried on, then certainly the claims of the plaintiff are a sufficient compliance with both of these regulations.

Plaintiff may prepare findings of fact and conclusions of law in conformity with the foregoing as to each of its employees, finding that such employees were employed in connection with the hatching of poultry and that their services were necessary to the business and without which it could not be carried on. Such findings of fact, of course, shall not include those periods which were dismissed by the court during the trial.

Defendant's motion at the close of the evidence for dismissal on the ground that the court was without jurisdiction and for other reasons is overruled and the defendant excepts.